UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>)<br>) | _____ |
| v. | )<br>) | |
| RINCONCITO SUPERLATINO 4, INC.,<br>BENEDICTO MORENO, an individual, | )<br>)<br>) | |
| Defendants. | )<br>)<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants Rinconcito Superlatino 4, Inc., and Benedicto Moreno (collectively the "Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wages and unpaid overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A. Defendant Rinconcito Superlatino 4, Inc., at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Miami-Dade County, Florida.

B.      Defendant Benedicto Moreno, an individual, doing business in Miami-Dade County, Florida, at all times hereinafter mentioned was or has been 100% owner and President and/or Manager and/or Director of the aforementioned corporation and acted directly or indirectly in the interest of the aforesaid corporations in relation to their employees, therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A.      Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.      Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since August 1, 2012, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate by, among other things, paying them a rate that caused their pay to fall below the minimum hourly rate per hour worked.

V

Since August 1, 2012, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours, without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed, by, among other things, failing to pay additional compensation to employees when they worked more than 40 hours in a work week.

VI

Since August 1, 2012, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for the period since August 1, 2012 and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified

and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

| | |
|---|---|
| ADDRESS: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br>(404) 302-5455<br>(404) 302-5438 (FAX)<br>shao.sonya.p@dol.gov<br>haynes.sophia@dol.gov<br>Atl.fedcourt@dol.gov (Primary) | By:/s/Sonya P. Shao<br>   Sonya P. Shao<br>   Trial Attorney<br>    Special Bar No. A5502149<br><br>By:/s/Sophia E. Haynes<br>   Sophia E. Haynes<br>   Trial Attorney<br>    Special Bar No. A5501886<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

**Rinconcito Superlatino #4**
**and Benedicto Moreno**
**Appendix A**

1. Alvarado, Wilson
2. Cubias, Jesus
3. Cubillas, Paz
4. Garcia, Glenda
5. Giron, Migdalia
6. Lara, Doris Maria
7. Medina, Rodolfo Enrique
8. Mejia, Hazel
9. Munoz, Mario
10. Padilla, Carlos
11. Puerto, Jose
12. Rodriguez, Elia
13. Sanchez, Gilberto
14. Zapata, Nora
15. Zelaya, Angel