## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-24406-Civ-COOKE/TORRES

U.S. DEPARTMENT OF LABOR,

  Plaintiff,

vs.

RINCONCITO SUPERLATINO 4, INC.
and BENEDICTO MORENO,

  Defendants.

_____/

### CONSENT JUDGMENT AND ORDER

   THIS MATTER is before me on the parties' Joint Motion to Approve Consent Judgment (ECF No. 33). After a review of the filing, record, and relevant legal authorities, the Motion is **GRANTED**. Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

   Defendants Rinconcito Superlatino #4 and Benedicto Moreno ("Defendants"), their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof, are *permanently* **ENJOINED** from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201*, et seq*. ("the Act") in any of the following manners:

   1. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

   2. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than

the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

      3.    They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

      Defendants shall pay all wages to employees by check and shall not pay wages in cash. **JUDGMENT** is entered against Defendants for back wages in the total amount of $57,830.76, which are due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached to parties' Joint Motion. *See* ECF 33-1 at 6. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

      Defendants hereby are restrained from withholding payment of back wages in the total amount of $57,830.16  due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached to parties' Joint Motion. *See id*. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

      4. To comply with this provision of this Judgment, Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division—Labor" a payment of $15,000 ("Initial Payment") within five (5) days of this Order.

      5. Defendants shall make a monthly installment payment to Plaintiff of $4,283.00 on or before the tenth of the month, starting September 10, 2016,  for the following ten months. Defendants shall be considered in default if such payment is not made by the twentieth of each month.

      6.  All payments required under this payment plan shall be sent via first class mail to the following address, and shall and shall be postmarked on or before the applicable due date:

      U.S. Department of Labor

      Wage and Hour Division

Room 7M40

61 Forsyth Street, SW

Atlanta, Georgia 30303

Defendants shall provide Plaintiff with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on the schedule.

Plaintiff shall distribute the proceeds of such checks, <u>less</u> deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

In the event of default by the Defendants in the payment of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

Each party shall bear its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

The Clerk shall **CLOSE** this case. All pending motions, if, are **DENIED** *as moot*. **DONE and ORDERED** in chambers at Miami, Florida, this 30th day of August 2016.

_____

MARCIA G. COOKE

United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

3